UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FREIGHTCAR AMERICA, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 1:13-cv-4889 |
| v. | ) |
| | ) Hon. Joan B. Gottschall |
| **UNITED STEEL, PAPER & FORESTRY,** | ) |
| **RUBBER, MANUFACTURING, ENERGY,** | ) |
| **ALLIED INDUSTRIAL & SERVICE WORKERS** | ) |
| **INTERNATIONAL UNION, AFL-CIO, CLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS'
AMENDMENT AND SUPPLEMENT TO DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b), OR IN THE ALTERNATIVE,
TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a), AND MOTION TO STAY
AND/OR PREVENT PLAINTIFF FROM OBTAINING DEFAULTS**

I.      **INTRODUCTION**

Defendants' supplemental motion to dismiss (Dkt. No. 72) is a motion that never should have been filed.  Without exception, each of the three points raised in the supplemental motion to dismiss—subject matter jurisdiction, personal jurisdiction, and the Form 5500 of FreightCar America, Inc. ("FreightCar")—are issues defendants could have, and should have, raised in their original motion to dismiss (Dkt. No. 10).  Defendants[1] filed their original motion to dismiss on July 26, 2013.  (*See* Dkt. No. 10.)  For whatever reason, whether through sheer inadvertence or the realization that the arguments were without merit, defendants chose not to raise subject matter jurisdiction or personal jurisdiction, or point to FreightCar's Form 5500 in their original motion to dismiss.  More likely, defendants' supplemental motion to dismiss is a transparent diversionary tactic aimed to further delay the proceedings in this Court in order to wrestle venue away from the first-filed action in favor of the mirror-image lawsuit in the Western District of Pennsylvania.  The Court should not endorse defendants' attempt to delay progress of this action through procedural meandering involving untimely and meritless "new" grounds, and should deny this motion as a matter of course.

In addition to defendants having waived these arguments, each one of them is without merit.  Seventh Circuit precedent is clear that where, as here, an employer is closely intertwined with an ERISA plan, subject matter jurisdiction exists for that employer in bringing a declaratory judgment action.  Similarly, personal jurisdiction exists under ERISA § 502(e)(2) because FreightCar seeks a declaration of its rights under ERISA.  Finally, defendants' reliance on Form 5500 is misplaced because, despite what that document may say, it is established law that an

---

[1] Defendants are five of the individuals named in the lawsuit—Anthony Zanghi, Kenneth Sowers, Dominic McCuch, James Hohman, and Darrell Shetler—as well as the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial, & Service Workers International Union, AFL-CIO, CLC.

1

ERISA plan is "administered" where it is actually managed and FreightCar's ERISA plan is undisputedly managed in Chicago, Illinois.

## II.   THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER ESTABLISHED SEVENTH CIRCUIT PRECEDENT

There can be no question that the Court has subject matter jurisdiction in this lawsuit. As defendants admit, subject matter jurisdiction exists if "FreightCar could have been subject to a coercive action by the Defendants under ERISA." (Dkt. No. 72 (citing *NewPage Wisconsin Sys. Inc. v. United Steel Workers*, 651 F.3d 775, 778 (7th Cir. 2011)).) Defendants' argument that FreightCar is not subject to a coercive action under ERISA (and that this Court therefore does not have subject matter jurisdiction) borders on the absurd ***because defendants are currently suing FreightCar in a later filed mirror-image ERISA class action*** in the Western District of Pennsylvania. *See Zanghi et al. v. FreightCar America, Inc.*, No. 13-146 (W.D. Pa.), Dkt. No. 1 (naming FreightCar America, Inc. as a defendant in an ERISA class action). Furthermore, this very Court has held that an employer such as FreightCar is a proper defendant in an ERISA coercive action:

> The court concludes that the proper interpretation of this circuit's precedent is that a claim may proceed against a party other than the ERISA plan itself where the identity of that party—be it an employer, an insurance company, or another third-party administrator—is "closely intertwined" with the plan, and where the party controls eligibility for benefits and makes benefits payments. In other words, a party may be sued when it acts as an "obligor" to an ERISA plan beneficiary.

*Ayotte v. Prudential Ins. Co. of Am.*, 900 F.Supp.2d 814, 819 (N.D. Ill. 2012); *see also Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997) (allowing suit for ERISA benefits against an employer). It is clear from FreightCar's Complaint that the company is closely intertwined with the plan at issue here. (*See* Dkt. No. 1.) Unless defendants are admitting that they do not have subject matter jurisdiction over FreightCar in their mirror-image lawsuit (in which case FreightCar is eagerly awaiting dismissal by that Court), it is hard to

2

imagine any reason to raise this meritless, if not frivolous, argument other than a tactical attempt to delay the progress of the case.

### III.     ERISA'S NATIONWIDE SERVICE PROVISION GOVERNS THIS CASE

As an initial matter, defendants have waived personal jurisdiction by not raising it in their original motion to dismiss. A defendant may not bring a successive motion to dismiss "raising a defense or objection that was available to the party but omitted from its earlier motion," including a defense based on personal jurisdiction. *See* FED. R. CIV. P. 12(g)(2), 12(h)(1)(A). Courts in the Northern District of Illinois strictly construe this rule for waiver and do not allow amendments to motions to dismiss. *See, e.g., Club Assistance Program, Inc. v. Zukerman*, 594 F.Supp. 341, 343-44 (N.D. Ill. 1984) (holding that defendant waived argument contained in successive pre-answer motion because it was not in the original motion); *Harris Bank Naperville v. Pachaly*, 902 F.Supp. 156, 158 (N.D. Ill. 1995) (holding that defendant waived personal jurisdiction and finding that amendment to motion to dismiss was not warranted). While defendants may claim, incorrectly, that they found a new case supporting their argument to dismiss based on personal jurisdiction, the argument itself was available to them when they drafted their original motion to dismiss and they had an obligation to make the argument at that time. Defendants' failure to follow the Federal Rules of Civil Procedure has resulted in their personal jurisdiction defense being waived.

Furthermore, it is readily apparent that ERISA § 502(e)(2) governs in this case and gives the Court personal jurisdiction over the defendants.[2] Under ERISA § 502(e)(2), "'any district court in which a plaintiff brings an action under Title 1 of ERISA will have personal jurisdiction over the defendant,' if the defendant is properly served and has sufficient minimum contacts with

---

[2] The motion to dismiss was brought on behalf of five of the individual defendants, so granting a motion to dismiss based on personal jurisdiction as to some defendants would not affect the status as to the other defendants.

3

the United States." *Central States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 875 (7th Cir. 2006) (quoting *Waeltz v. Delta Pilots Retirement Plan*, 301 F.3d 804, 808 n.3 (7th Cir. 2002)).  As the Seventh Circuit has recently held, declaratory judgment actions by plan sponsors seeking a declaration of their right to modify retiree medical benefits arise under ERISA.  *See NewPage Wisconsin Sys. Inc.*, 651 F.3d at 778.  Defendants do not dispute that they have minimum contacts with the United State and have been properly served.  This Court has personal jurisdiction over the defendants.

Defendants' purported reliance on *SuperMedia, Inc. v. Foy* fails for three reasons.  First, *SuperMedia* is an out-of-circuit district court case that is not binding on this Court.  Second, the *SuperMedia* court severely misreads the Seventh Circuit's decision in *NewPage Wisconsin*.  Far from lending support to defendants' argument that the Court does not have personal jurisdiction over defendants, *NewPage Wisconsin* actually shows the existence of personal jurisdiction here.  In *NewPage Wisconsin*, the plaintiff employer brought a declaratory judgment action over its right to modify retiree medical benefits, and in addition to finding that subject matter jurisdiction existed under ERISA, the Seventh Circuit explicitly found that the district court had "personal jurisdiction over all of the contestants" in the action.  *See NewPage Wisconsin Sys. Inc.*, 651 F.3d at 778 (holding that an employer had jurisdiction under ERISA).  FreightCar likewise has personal jurisdiction over all defendants in its declaratory judgment action over its right to modify retiree medical benefits.  Third, courts in the Northern District of Illinois have consistently allowed declaratory judgment actions brought by employers where the employers claim personal jurisdiction over defendant retirees under ERISA § 502(e)(2).  *See, e.g., Boeing Co. v. March*, 656 F.Supp.2d 837, 842 (N.D. Ill. 2009) (finding that the court has jurisdiction under § 502(e)); *Bowe Bell & Howell Co. v. IMMCO Employees' Ass'n*, 2004 WL 1244143

4

(N.D. Ill. June 2, 2004) (applying § 502(e)(2)).  In addition to being waived, defendants' personal jurisdiction argument fails on the merits.

**IV.      DEFENDANTS OVERSTATE THE SIGNIFICANCE OF FORM 5500**

Finally, defendants claim that FreightCar's Form 5500 "contradicts" the company's allegation that the plan is administered in Chicago, Illinois could not be further from the truth.[3] As Tom McCarthy, the Senior Vice President of Human Resources explained: "[T]he recent Form 5500 filed for the Plan inadvertently reflects that the Plan sponsor and Plan administrator's address is in Johnstown, Pennsylvania, [when] in fact, after FreightCar moved its headquarters to Chicago in 2008, the Plan has at all times been administered through the [Benefit Plans] Committee primarily at FreightCar's Chicago headquarters."  (Declaration of Thomas P. McCarthy, Dkt. No. 37-1 at ¶ 5.)  Moreover, the Form 5500, despite the clerical error, is dispositive of nothing.  "An ERISA plan is administered where it is managed," and nowhere in the Form 5500 does it say that the plan was managed anywhere but Chicago, Illinois.  *See Luebbert v. Employers & Operating Engineers Local 520 Pension Fund*, 2007 WL 1100455, at *2 (E.D. Mo. Apr. 10, 2007).  Defendants do not dispute that the plan was actually managed by the Benefits Plan Committee in Chicago, and thus defendants' attempt to elevate the Form 5500 to greater importance is nothing more than a sideshow.[4]

Furthermore, the location of plan administration is but one factor in establishing proper venue.  Defendants do not deny that the action of which they complain—the decision to terminate benefits—took place at FreightCar's headquarters in Chicago, Illinois.  That alone provides for proper venue in this Court.  *See* 29 U.S.C. § 1132(e)(2) ("Where an action under

---

[3] Again, defendants present no valid reason why Form 5500, which was filed prior to defendants' original motion to dismiss, was not referenced in such original motion.
[4] Although defendants also claim to "withdraw their Motion to Stay and/or Prevent Plaintiff from Obtaining Defaults," this Court already ruled on the motion and the request is therefore moot.  (*See* Dkt. No. 72 at ¶ 1.)

this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the [alleged] breach took place, or where a defendant resides or may be found[.]").

## V.   CONCLUSION

Defendants' supplemental motion to dismiss raises three arguments that defendants could have raised in their original motion to dismiss and three arguments that are entirely without merit. For both procedural and substantive reasons, these arguments fail to show that FreightCar's Complaint should be dismissed. Accordingly, the Court should deny the pending motion in its entirety, as well as defendants' original motion to dismiss.

Dated: November 6, 2013          Respectfully submitted,

/s/ Nancy G. Ross

Nancy G. Ross
Kirk Watkins
Sam Myler
McDermott, Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
T: (312) 372-2000
F: (312) 984-7700

**ATTORNEYS FOR PLAINTIFF FREIGHTCAR AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 6th day of November, 2013.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

*/s/Kirk Watkins*
Kirk Watkins

DM_US 46429434-1.082260.0018