IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| **FREIGHTCAR AMERICA, INC.,**  Plaintiff,  v.  **UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, et al.,**  Defendants. | No.: 3:14-cv-00017-KRG  Hon. Kim R. Gibson  *Electronically filed*  **PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT** |

Plaintiff FreightCar America, Inc. ("FreightCar") requests that this Court grant it leave to file an amended complaint for the primary purpose of naming a defendant class identical to the putative class named in the related lawsuit of *Zanghi, et al. v. FreightCar America, Inc., et al.*, 3:13-cv-00146 (W.D. Pa. 2013), pending before this Court. In light of the recent decision by Judge Gottschall to transfer this action from the Northern District of Illinois to this Court, it is no longer necessary to proceed on an individual basis against each individual named defendant. The proposed First Amended Complaint, a copy of which is attached hereto as Exhibit B, will further the efficient and expeditious resolution of FreightCar's action by allowing the Court and the parties to address FreightCar's claims on a class-wide basis.

I.      **BACKGROUND**

On July 8, 2013, FreightCar filed suit in the Northern District of Illinois against the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service

Workers International Union, AFL-CIO, CLC ("USW") and certain former employees of FreightCar (together with their surviving spouses, "the Retirees") requesting a declaratory judgment that the Retirees are not entitled to vested or lifetime medical and life insurance benefits. *FreightCar America, Inc. v. USW, et al.*, 1:13-cv-4889 (N.D. Ill. 2013).  On July 9, 2013, one day after FreightCar filed its suit, the USW and a group of individual plaintiffs suing on behalf of the Retirees filed their own class action in this Court requesting a declaratory judgment that FreightCar could not terminate the medical and life insurance benefits they alleged were promised to the Retirees.  *Zanghi, et al. v. FreightCar America, Inc., et al.*, 3:13-cv-00146 (W.D. Pa. 2013) (hereinafter, "*Zanghi*").  On January 14, 2014, this Court denied FreightCar's motion to dismiss, transfer, or stay the later-filed action brought by the USW and the Retirees in this Court. (*Zanghi*, ECF No. 73).  Thereafter, the Northern District of Illinois transferred FreightCar's lawsuit to the Western District of Pennsylvania.[1]  (ECF No. 114.)  In the interest of ensuring the efficient and expeditious resolution of the parties' respective claims, FreightCar recently filed a motion to consolidate the two related lawsuits, (*Zanghi*, ECF No. 78), and now files the instant motion for leave to amend its complaint to name as a defendant class the same putative class and class representatives named in *Zanghi*.

## II.     ARGUMENT

Federal Rule of Civil Procedure 15 provides that after a responsive pleading or a Rule 12 motion has been filed, a plaintiff may amend its complaint only with leave of court.  Fed. R. Civ.

---

[1] In its order transferring FreightCar's first-filed suit, the Northern District of Illinois expressly declined to rule on the USW and the Retirees' motion to dismiss. (ECF No. 113, at p. 2.)  On February 5, 2014, after the case was transferred, the USW and the Retirees filed with this Court a supplemental memorandum in further support of their prior motion. (ECF No. 116.)  The USW and the Retirees' argued therein that this action should be dismissed because of the administrative difficulty of managing separate suits against each individual defendant, and because this action is duplicative of their later-filed action. (*Id.*, at p. 2). As fully explained herein, FreightCar's proposed amended complaint will eliminate the administrative burden associated with managing multiple individual actions. With respect to the alleged duplicity of the two actions, FreightCar's response to the supplemental memorandum will explain in detail why both suits must proceed in order to resolve all of the parties' claims.

P. 15(a). The rule further instructs that leave shall be "freely given when justice so requires." *Id*. The Third Circuit has acknowledged that under Rule 15, leave to amend should be granted liberally, and that while the decision is within the courts' discretion, the "outright refusal to grant leave without any justifying reason appearing for the denial is . . . an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, it is clear that there are ample reasons to grant FreightCar leave to file its proposed amended complaint. Naming a defendant class will alleviate any burden on the individually named defendants to appear in this action, and there already exist identified class representatives who ask this Court to allow them to represent the individuals who comprise the defendant class, and who maintain that they are adequate class representatives under the standards imposed by Federal Rule of Civil Procedure 23(a). Proceeding against a defendant class also will further the interests of justice by ensuring the efficient resolution of this dispute and eliminating the burden on the Court of managing individual actions all addressing common issues of law and fact.

      A.      **<u>Defendants Will Suffer no Prejudice as a Result of FreightCar's Amended Complaint</u>**

The Third Circuit has found that prejudice to the nonmoving party is the primary factor for the Court to consider when determining whether to allow a plaintiff to file an amended complaint. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) ("Prejudice to the non-moving party is the 'touchstone' in determining whether to deny leave to amend a complaint."). To establish prejudice, the nonmoving party "must show it was unfairly disadvantaged or deprived of the opportunity to present factors or evidence that it would have offered" if the plaintiff had moved to amend earlier. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

The USW and the Retirees cannot demonstrate that they will be unfairly disadvantaged if FreightCar were granted leave to file its proposed complaint. In fact, counsel for the USW and the Retirees proposed that FreightCar amend its complaint to name a defendant class in an effort to avoid potential default judgments against the hundreds of individual retirees who have been served with FreightCar's complaint, but have not answered or otherwise appeared in this case. (2/5/2014 E-mail to Nancy G. Ross, attached hereto as <u>Exhibit A</u>). The substantive legal claims in FreightCar's proposed complaint mirror those set forth in FreightCar's initial complaint; the only material amendment proposed by FreightCar is with respect to the manner and capacity in which the Retirees will defend this action. Indeed, the amendment FreightCar proposes through its amended complaint seeks to eliminate any prejudice or hardship to the individual Retirees as a result of being named in this lawsuit.

Declaratory judgment actions brought by employers seeking resolution of their rights concerning the benefits of a similarly-situated group of retirees often name a defendant class. *See, e.g.*, *Maytag Corp. v. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America*, 271 F.R.D. 504 (S.D. Iowa 2010) (certifying defendant class under Rules 23(b)(1) and 23(b)(2)); *Newpage Wisconsin System Inc. v. United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC*, 651 F.3d 775 (7th Cir. 2011). Courts have agreed and certified such defendant classes in these same circumstances, where separate actions "create a risk of inconsistent or varying adjudications . . . that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). *See Maytag Corp.*, 271 F.R.D. 504 (certifying a defendant class under Rule 23(b)(1)(A)). Given the exceptional circumstances here, that the individual defendants are already included in a putative class action raising similar

claims, it is eminently reasonable for this Court to allow FreightCar to proceed against a defendant class rather than the individual retirees.

### B.     Granting FreightCar Leave to File its Proposed First Amended Complaint Would Further the Interests of Justice

There is no doubt that a defendant class will enable the Court and the parties to more efficiently resolve this dispute.  Here, FreightCar's need to name each individual retiree as a defendant was dictated by the Seventh Circuit's reluctance to certify a non-opt-out defendant class, *see, e.g.*, *Pabst Brewing Co. v. Corrao*, 161 F.3d 434 (1988), as well as the difficulty of identifying at the time of filing the individual retirees that would be adequate class representatives.  Fed. R. Civ. P. 23(a) (providing that individuals may only be sued as representative parties on behalf of all class members if "the representative parties will fairly and adequately protect the interests of the class").  The procedural landscape of this litigation has now changed since FreightCar first filed its suit in the Northern District of Illinois. FreightCar's original concerns regarding naming a defendant class have now been mitigated to a significant degree in the following ways: (1) the Third Circuit, unlike the Seventh Circuit, is not clearly opposed to the certification of non-opt-out defendant classes (*see, e.g., Clark v. McDonald's Corp.* 213 F.R.D. 198, 218 (D.N.J. 2003) (finding that the Third Circuit permits Rule 23(b)(2) defendant classes when "individual members of the defendant class are all acting pursuant to some uniform practice or policy")); (2) FreightCar's amended complaint names as defendant class representatives the same five individuals the Retirees themselves have identified as adequate class representatives to address similar claims; and (3) the fact that the two actions relate to the same subject matter, identify nearly identical classes, and are proceeding simultaneously before the same judge, ensures that all absent defendant class members' interests will be zealously represented.  In fact, FreightCar's pursuit of leave to amend its complaint to

name a defendant class furthers the interests of the individual defendants as much as it furthers the interests of FreightCar.

### III. CONCLUSION

Allowing FreightCar to amend its complaint to proceed against the same class as identified in *Zanghi* will further the Court's and the parties' interest in efficiently resolving this dispute. As such, FreightCar respectfully requests that this Court grant it leave to file its amended complaint.

Dated: February 18, 2014                              Respectfully Submitted,

/s/ *Kirk Watkins*
James Clark Munro II
Michael J. Parrish, Jr.
Ronald P. Carnevali, Jr.
SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC
AmeriServ Financial Building, P.O. Box 280
Johnstown, Pennsylvania 15907
T: (814) 536-0735
F: (814) 539-1423

Nancy G. Ross (*pro hac vice*)
Sam P. Myler (*pro hac vice*)
Kirk Watkins (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
T: (312) 372-2000
F: (312) 984-7700

**ATTORNEYS FOR DEFENDANTS FREIGHTCAR AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 18th day of February, 2014. Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ *Kirk Watkins*